CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6940
  FAX: (415) 436-7240
  kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:23-CR-00317-HSG-2 |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MICHAEL DERRYBERRY, | Sentencing Date:  February 18, 2026 |
| | Time:              2:00 p.m. |
| Defendant. | Judge:             Hon. Haywood Gilliam, Jr. |

UNITED STATES SENTENCING MEMORANDUM
4:23-CR-00317-HSG-2

## I.     INTRODUCTION

The United States respectfully requests that this Court sentence the defendant to 84 months in custody, which is a low-end guideline sentence of the Guidelines calculation set forth below.  The government also requests that her sentence be followed by three years of supervised release and $100 special assessment.  On September 21, 2023, an Indictment was filed charging the defendant, Michael Derryberry, with two counts of Robbery of a Mail Carrier, a felony, in violation of 18 U.S.C. § 2114 (Counts 1 and 2), and two counts of Unlawful Possession of Mail Keys, a felony, in violation of 18 U.S.C. § 1704 (Counts 3 and 4). Dkt. 1. The defendant pled guilty pursuant to a plea agreement on October 8, 2025. Dkt. 161. The Defendant will appear before the Court for sentencing on February 18, 2026, at 2:00 p.m.

## II.     FACTUAL BACKGROUND

### First Robbery on May 22, 2023

On or about May 22, 2023, at approximately 1:49 p.m., the defendant committed a robbery of a United States Postal Service (hereinafter "USPS") mail carrier. The defendant did not commit this act alone. The defendant committed this robbery with another person. On that day, the defendant drove to the vicinity of 1450 Newhall Parkway in Concord, California along with his passenger. The defendant and his passenger drove to this location with the intent of robbing a USPS mail carrier.

When the defendant arrived at the vicinity of 1450 Newhall Parkway, his passenger stepped out of the defendant's vehicle and approached a mail carrier, who was sitting in her postal vehicle. Upon approach, the passenger pointed what appeared to be a black replica semi-automatic handgun at her and demanded her arrow keys. He grabbed a tray of mail and the postal vehicle keys, without her permission or consent, and fled the scene with the defendant.  After the commission of the robbery, the passenger gave the defendant possession of the postal keys that he just took from the mail carrier.

### Second Robbery on May 31, 2023

About a week later, the defendant committed another robbery of a mail carrier with the same passenger from the May 22nd robbery. On or about May 31, 2023, at approximately 4:11 p.m., the defendant and his passenger arrived at the vicinity of 1391 Monument Boulevard in Concord, California.

UNITED STATES SENTENCING MEMORANDUM
4:23-CR-00317-HSG-2

On this day, the defendant was driving a dark gray Honda and was following a USPS postal truck. The other person was present in the car with the defendant. The truck turned into an apartment complex and the two followed the truck into the apartment complex. The defendant then parked his Honda in a parking stall. When the Honda was parked in the stall, the other person exited the vehicle and approached the mail carrier. The defendant observed the passenger approach the mail carrier and pointed what appeared to be, a black semi-automatic handgun at him. After seeing what appears to be a gun pointed directly at the mail carrier, the mail carrier threw both of their hands in the air and handed over their mail keys to the passenger. Thereafter, the defendant's passenger ran back to the Honda, got inside, and drove off with the defendant. While in the car, the passenger handed the defendant the mail keys.

## III.    DEFENDANT'S GUIDELINE CALCULATION

The Sentencing Guidelines calculations for the defendant's offense level set forth in the Presentence Report and Plea Agreement are as follows:

Count 1 (Group 1)

    a.  Base Offense Level, U.S.S.G. § 2B3.1(a):                                   20

       Specific offense characteristics under U.S.S.G. Ch. 2 (plus role in Ch. 3)

    b.  Property of post office taken, § 2B3.1(b)(1)                              +2

    c.  Dangerous weapon brandished or possessed, § 2B3.1(b)(2)(E)        +3

    d.  Role reduction, § 3B1.2(b)                                                -2

    Total:                                                                       23

Count 2 (Group 2)

    a.  Base Offense Level, U.S.S.G. § 2B3.1(a):                                   20

       Specific offense characteristics under U.S.S.G. Ch. 2 (plus role in Ch. 3)

    b.  Property of post office taken, § 2B3.1(b)(1)                              +2

    c.  Dangerous weapon brandished or possessed, § 2B3.1(b)(2)(E)        +3

    Total:                                                                       23

    d.  Adjustments under U.S.S.G. Ch. 3

    e.  Grouping, § 3D1.4                                                         +2

    f.  Role reduction, § 3B1.2(b)                                                -2

UNITED STATES SENTENCING MEMORANDUM
4:23-CR-00317-HSG-2

    g.  Acceptance of Responsibility:                        - 3

        If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two/three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

    h.  Adjusted Offense Level:                        22

## IV.  LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need to void unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V.  PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Salvador Tinoco. The government agrees with the guidelines calculation in the PSR. Additionally, the government has no objection to, and agrees on, the Criminal History Category in the PSR. The government further agrees that the defendant should receive a three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty.  The government does not have any

4

UNITED STATES SENTENCING MEMORANDUM
4:23-CR-00317-HSG-2

objections to the report's factual recitation or recommended supervision terms. The government, however, respectfully disagrees with probation's 72 months sentence, which is downward variance of the guideline range of 84-105 months.

## VI.   <u>SENTENCING RECOMMENDATION</u>

The government recommends a sentence of 84 months. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing. The 84-month recommendation is a low-end guideline sentence and is based on the sentencing factors set forth under 18 U.S.C. § 3553(a).

In our case, the defendant's conduct is serious. The defendant took part in a scheme where he robbed a USPS mail carrier twice and took possession of the mail carrier's keys. These two robberies also involved what appeared to be a firearm and were directly pointed at both victims.

When looking at the history and characteristics of the defendant, the government understands, and acknowledges the defendant's difficult past, as outlined in the PSR. However, this is not the first time the defendant has been convicted of a crime. As indicated in the presentence report, the defendant has multiple convictions dating back to 1997. *See* PSR at ¶ 43. Furthermore, the defendant has a long criminal past of theft related convictions, including multiple burglary convictions.

Despite these past convictions, the defendant still continued on a path of committing crimes. In the instant case, the defendant took part in two robberies of two USPS mail carriers. Accordingly, the government believes that a sentence of 84 months is appropriate as it affords general deterrence. *See* 18 U.S.C. § 3553(a). The government disagrees with probation and believes that a downward variance of 72 months is not appropriate considering the facts and circumstances of this case. Thus, when taking into consideration the defendant's difficult past, while also balancing the nature of the offense, and the defendant's criminal history, the government believes that a low-end 84-month sentence is appropriate pursuant to the sentencing factors set forth under 18 U.S.C. § 3553(a).

//

//

//

UNITED STATES SENTENCING MEMORANDUM
4:23-CR-00317-HSG-2

## VIII.   CONCLUSION

With full consideration, the Government recommends that the Court impose a sentence of 84 months in prison, followed by three years of supervised release, a $100 special assessment fee. This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

DATED: February 11, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

 /s/ *Kenneth Chambers*
KENNETH CHAMBERS
Assistant United States Attorney

UNITED STATES SENTENCING MEMORANDUM
4:23-CR-00317-HSG-2